Supreme Court, Appellate Term, February, 1908.    [Vol. 57.

Rebecca Feingold, Appellant, *v.* The New York City Railway Company, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Street railways — Operation — Actions: Sufficiency of evidence — Colli-
sion with vehicle; Contributory negligence: Questions for jury.

In an action against a street railway company to recover dam-
ages for personal injuries sustained by a collision between the
wagon in which plaintiff was being driven and defendant's car,
where·it appears by the testimony of the driver of the wagon that
he saw a car standing at the street corner and that, as he started
to cross the track, the car started up and came on with great force
and speed and struck his wagon, and that, although plaintiff was
riding in his wagon, he was not employed by her but was taking
her to market to buy goods which he expected to deliver for her,
and it does not appear that plaintiff had any control over the
driver, the case should have been submitted to the jury and it was
error to dismiss the complaint.

Appeal by the plaintiff from a judgment of the City
Court of the city of New York dismissing the complaint,
and also from an order denying plaintiff's motion for a new
trial.

Jacob Gordon, for appellant.

James L. Quackenbush (Bayard H. Ames, of counsel),
for respondent.

*Per Curiam.* On August 10, 1904, at half past three in
the morning, plaintiff was on a wagon which was being
driven by one Schwartzberg through Fourth street in a
westerly direction towards Third avenue. When the wagon
was being driven across Third avenue it was struck by de-
fendant's car, and plaintiff received injuries for which she
here seeks to recover. At the end of plaintiff's case the
court dismissed the complaint. Plaintiff appeals. Inas-
much as the complaint was dismissed on plaintiff's evidence
alone, that evidence is entitled not only to belief but to all
favorable inferences that may reasonably be drawn there-

from. Schwartzberg, the driver, swears he looked on both sides before crossing the track, and saw a car standing at the corner of Third street; that, as he started to cross, the car started up and came on with great force and speed and struck the hind wheel of the wagon, causing the damage complained of. He says, on cross-examination, that he was not in the employ of plaintiff. His testimony is as follows: "Mrs. Feingold did not hire my wagon that day. She did not hire me. She did not work for me but for herself. She had a store. She did not hire me to take her to the market. I took her to the market, and she brought some goods and she gave me the expressage on the wagon. I took her to the market to get the order she was to give me. I delivered the goods for her. She was sitting inside the wagon. I was driving the wagon." There were four people in the wagon, the driver, the plaintiff, one Meyer Schreidman and one Samuel Schreidman. They all give the same version of the accident. Only the driver states that " the people in the wagon " wanted him to hurry, and he " did not want to hurry." The plaintiff appears to have had no control whatever of the driver; and, even if the accident resulted from the concurrent negligence of the driver and the defendant, there was no contributory negligence on her part. It seems to us that the case should have been submitted to the jury.

Present: GILDERSLEEVE, SEABURY and GERARD, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.